```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

MICHELLE MARIE KNOWLES,          :
                                 :
  plaintiff,                     :
                                 :
v.                               :  Civil No. 3:19-CV-719-RAR
                                 :
ANDREW SAUL,                     :
COMMISSIONER OF SOCIAL           :
SECURITY,                        :
                                 :
  defendant.                     :
```

## **RULING ON THE DEFENDANT'S MOTION TO REMAND THE DECISION OF THE COMMISSIONER**

Pending before the Court is a motion filed by the Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C. § 405(g), seeking remand of the Commissioner's final decision dated April 30, 2019. The Commissioner is seeking to remand this matter under Social Security Ruling ("SSR") 19-1p and in light of the Supreme Court's ruling in Lucia v. S.E.C. 138 S. Ct. 2044 (2018).

In Lucia, the United States Supreme Court determined that Administrative Law Judges ("ALJ") are "Officers of the United States" within the meaning of the Appointments Clause of the U.S. Constitution. Id. at 2049. As such, ALJs must be appointed by the President of the United States, a court of law, or the head of a department. Id. At 2051. After determining that ALJs are Officers of the United Statues subject to the Appointments

1

Clause, the Supreme Court stated that if a party raises a timely appointments clause challenge they are entitled to relief. Id. at 2055.  "To cure the constitutional error, another ALJ (or the Commission itself) must hold the new hearing to which [a party] is entitled." Id.

In the aftermath of Lucia, the Social Security Administration issued a ruling which directed that following a timely Appointment Clause challenge the Appeals Council should "conduct a new and independent review of the claims file and either remand the case to an ALJ other than the ALJ who issued the decision under review, or issue its own new decision about the claim covering the period before the date of the ALJ's decision." SSR 19-1, 2019 WL 1324866 (S.S.A. Mar. 15, 2019).

In the case before the Court, the Commissioner is seeking remand of the case to the Appeals Council under SSR 19-1. (Dkt. #12 at 1.)  Plaintiff, while in agreement that remand is warranted, states that the only acceptable solution to the Appointment Clause issue would be a remand directly to a new ALJ for another hearing. (Dkt. #13 at 8.) Plaintiff specifically argues that it would be constitutionally deficient if the Appeals Council were to decide this case without a new hearing before a different ALJ with new medical evidence. (Dkt. #13 at 2.)

The Southern District of Ohio recently rejected a similar argument and approach, noting that "other district courts have considered and rejected Plaintiff's interpretation of *Lucia* and SSR 19-1p, finding that it would be judicial overreach and, moreover, inconsistent with the Supreme Court's decision in *Lucia*." Jewett v. Comm'r of Soc. Sec., No. 2:19-CV-4183, 2020 WL 1921208, at *2 (S.D. Ohio Apr. 21, 2020).  The Western District of Texas also rejected the argument that the court must remand the matter directly to a new ALJ and require the new ALJ to hold a hearing, noting that "[the Appeals Council] may remand the case to an ALJ and moot the issue Plaintiff wants the Court to decide." McKay v. Saul, No. SA-18-CV-01339-ESC, 2019 WL 2568744, at *1 (W.D. Tex. June 21, 2019). Additionally,

> *Lucia* itself supports the Commissioner's position. In *Lucia*, the Supreme Court stated that the cure for the constitutional error of an improper appointment is remand so that a new ALJ ***or the executive agency*** (here the Social Security Administration) itself may hold a new hearing . . . . The Social Security Administration interpreted this directive as permitting either a new ALJ hearing or a decision by the Appeals Council, which is a branch of the Administration . . . . Therefore, based on the parties' agreement that Plaintiff timely challenged the appointment of the ALJ under *Lucia* and that remand is proper in this case, the Court should remand to the Appeals Council.

Id. at *2 (emphasis in original)(internal citations removed).

**CONCLUSION**

Based on the foregoing reasons, Defendant's motion for an order to remand the Commissioner's decision (Dkt. #12) is GRANTED.  The Court notes, as articulated by both *McKay* and *Jewett*, "[n]othing in this opinion should be read as precluding Plaintiff from raising h[er] argument that the Appeals Council is prohibited from deciding the case itself on remand if the issue becomes ripe because the Appeals Council chooses not to assign a new ALJ to this case." Id.

This is not a recommended ruling.  The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure.  Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. See 28 U.S.C. § 636(c)(3).

SO ORDERED this 22nd day of July 2020, at Hartford, Connecticut.

                                                /s/
                                      Robert A. Richardson
                                      United States Magistrate Judge